**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-26007-GAYLES**

**RAFAEL ALONSO SALAZAR**,

**Petitioner**,

**v.**

**TODD BLANCHE, *et al.***,

**Respondents**.
_________________________________/

**ORDER TRANSFERRING CASE TO MIDDLE DISTRICT OF FLORIDA**

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. In the Petition for Writ of Habeas Corpus, Petitioner challenges his detention by the United States Department of Homeland Security and its agents. *See generally*, [ECF No. 1]. He states that he "is currently detained at Glades Detention Center located at: 1279 East SR 78, Moore Haven, FL 33471." *Id.* at 3, 10, 14, 16. Further, a search of the Department of Homeland Security's Detainee Locator System shows that Petitioner is currently detained at Glades County Detention Center.[1]

Under § 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("jurisdiction for § 2241 petitions lies only in the district of confinement"). If a petitioner files his case in the wrong district, the Court can *sua sponte* transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Lipofsky v.*

[1] *See* https://locator.ice.gov/odls/#/search (last visited Sep. 1, 2026, using Petitioner's A# and Country of Birth as provided in the Petition).

*N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]").

Petitioner is detained at Glades County Detention Center and challenges his confinement there. Thus, jurisdiction lies only in the Middle District of Florida. *See* 28 U.S.C. § 89(b) (providing that the Middle District of Florida comprises Glades County).

Accordingly, it is **ORDERED AND ADJDUGED** that this case is **TRANSFERRED** to the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a) (providing that the Fort Myers Division comprises Glades County). The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**